HENDRY, Judge,
dissenting.
The majority opinion today holds that the existence in being of a search warrant is the basis for securing premises prior to the search. I must respectfully dissent. In contrast to the majority’s conclusion that no constitutional or statutory violation occurred by virtue of the officers’ entry prior to arrival of the search warrant, I find that the very safeguards intrinsic to the warrant requirement are frustrated by this result. Display of a search warrant to the occupant of premises to be searched serves to delimit the scope and intensity of the search, put the party on notice of the authority and purported reasons for the search and enable him to prepare to contest it if he so desires, and apprise the party that there is color of authority for the search and that he is not entitled to oppose it by force. 2 W. LA-FAVE, SEARCH AND SEIZURE §§ 4.10, 4.12 (1978).
My primary concern with this decision is the inherent potential for violent confrontation. Illegal entry into a home by officers, whether in uniform or without, asserting authority on the verbal declaration of the existence of a warrant which may later arrive, might well result in their being killed under the mistaken impression that the home owner was protecting his family and his home against intruders. Existence of a duly issued search warrant “somewhere” is of small comfort to the citizen who must make an on-the-spot decision as to what action to take in response to a very serious intrusion on his privacy.
I am also concerned about the extent to which this holding licenses the police to proceed in their quest for evidence. In this particular situation they simply secured the premises — a one room hotel lodging. Whether they may actually begin to search the premises so long as the warrant is on its way is left to speculation, since the court does not specifically limit its ruling to “securing of premises.”
While in agreement with the majority’s pronouncement that a liberal construction *1034 should be given to the individual’s constitutional rights in this area of law, I am unable to view these precious constitutional and statutory safeguards as mere “hyper-technical rules.” As the United States Supreme Court explained in Miller v. United States, 357 U.S. 301, 313, 78 S.Ct. 1190, 1197-1198, 2 L.Ed.2d 1332, 1340 (1958):
However much in a particular case insistence upon such rules may appear as a technicality that inures to the benefit of a guilty person, the history of the criminal law proves that tolerance of short-cut methods in law enforcement impairs its enduring effectiveness. The requirement of prior notice of authority and purpose before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application.
I must also take exception to the majority's conclusion that no statutory violation resulted from the manner in which the police executed the search warrant in this case. The language employed in both section 933.11, Florida Statutes (1981) that “when the officer serves the warrant, he shall deliver a copy to the person named in the warrant,” and section 933.08, that the warrant “shall in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer requiring it, said officer being present and acting in its execution,” (emphasis added), in my opinion, contemplates that an officer mentioned in the direction of the search warrant physically have the warrant in hand when he enters upon the premises. I reach this conclusion on the basis that a securing of premises is an act “in execution of the search warrant,” which, by virtue of section 933.08, requires the presence of one of the named officers armed with a warrant. Accordingly, I agree with Judge Mager’s concurring opinion in Swinford v. State, 311 So.2d 727 (Fla. 4th DCA 1975), the only case on point in this state, that possession of the search warrant by the officers at the time the search is performed is essential to the validity of the seizure, and mere knowledge that a warrant has been issued fails to satisfy constitutional and statutory guarantees against unreasonable searches. In the instant case, with the defendant’s hotel room under surveillance for some time, and secure in the knowledge that he could not slip away undetected, why the police didn’t simply wait for arrival of the warrant defies logic. Any emergency in this instance was strictly of the do-it-yourself variety; that is, by breaking into the hotel room the officers themselves alerted the defendant to their presence.
Finally, my feelings on this matter have been most eloquently summed up by Justice Bistline’s dissent in State v. Gomez, 101 Idaho 802, 623 P.2d 110 (1980), cert. denied, 454 U.S. 963, 102 S.Ct. 503, 70 L.Ed.2d 378 (1981), a factually similar case cited by the majority opinion:
The only discernible difference between the intrusion of a “securing” from within as against a “search” is one of purpose; a search is to discover evidence to be taken for later use at trial, whereas in a mere “securing” the violated premises and occupants are seized and laid captive until the police officers arrive with the warrant which, by the doctrine espoused by the Court in today’s opinion, is said to legitimatize the dastardly prior conduct. In today’s sanctioning of “Securing the Premises” the police are given judicial license to at will invade any and all parts of a person’s home, while at the same time the occupants ... are eustodially restrained in their own living room. In fact and truth, “Securing the Premises” is by far the worst infringement on the Fourth Amendment which has yet been visited on the people. The police, without being able to show any authority for their intrusion, need only declare to the occupants of a house that they are “securing” it on the premise that such is sufficient justification for their entry. Such conduct is on a par and readily classified with the much hated General Warrant visited upon the colonists by the British, which abuse played a large part in fomenting the Revolution. Nor is it any defense to suggest that the people ought not to complain because, *1035 after all, somewhere, although the warrant proving that fact is not present, there has been a determination of probable cause made by a detached and neutral magistrate. Only the presentation of a warrant at the time of the intrusive entry can be said to meet with constitutional requirements.
Id. 623 P.2d at 132.